IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**DIANE E. MALOY,**

    **Plaintiff,**

vs.                                                        CASE NO. 1:04CV69-MMP/AK

**JO ANNE B. BARNHART,**
**Commissioner of Social Security**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's applications for supplemental security income benefits (SSI) filed under Title XVI of the Act.

Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

A.   **PROCEDURAL HISTORY**

Plaintiff filed an application for SSI on May 17, 2000, alleging a disability onset date of January 1, 1996, because of ankle, knee and back pain, migraine headaches, asthma and depression.  Plaintiff petitioned for a hearing before an administrative law judge (ALJ), who conducted a hearing on September 11, 2002, and entered an unfavorable decision on February 12, 2003.  The Appeals Council denied Plaintiff's request for review, thus making the decision of the ALJ the final decision of the Commissioner.  This action followed.

B.   **FINDINGS OF THE ALJ**

The ALJ found that Plaintiff has migraines and back pain syndrome, which are severe impairments within the meaning of the Act, but that there are no documented findings or symptoms that meet the listings.  The ALJ also found that Plaintiff had no past relevant work.  The ALJ further concluded that the evidence does not support Plaintiff's claim that she cannot work.  The ALJ also found that Plaintiff receives no regular treatment and sought treatment only twice from the emergency room in the last year for the symptoms she claims are disabling.  The ALJ reviewed the findings of the consultative examiner and his examination revealed decreased range of motion of the cervical and lumbar spine, but normal range of motion otherwise, and he opined only that she should refrain from heavy lifting.  No limitations were imposed as a result of her alleged mental impairment.  Consequently, the ALJ found that Plaintiff was limited to light and sedentary work.  Using the Medical-Vocational Guidelines, she is 40 years old, a younger individual, can perform a full range of light work, and is therefore not

**No. 1:02CV125-SPM/AK**

disabled. A vocational expert testified at the hearing that there were a number of jobs that she could perform.

## C.   ISSUES PRESENTED

Plaintiff argues that the ALJ erred in not posing a hypothetical to the vocational expert present at the hearing and relying upon the grids when a nonexertional impairment was present.

The government responds that the ALJ may properly disregard an alleged mental impairment if it is not severe, and Plaintiff sought no treatment for her depression, and the state agency consultant, as well as Dr. Nazario had found no limitations resulting from her mental condition.

The issue thus presented is whether the Commissioner's decision that Claimant is not disabled is supported by substantial evidence in the record and decided by proper legal standards.

## D.   STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court. The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied. Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). "Substantial evidence" has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

**No. 1:02CV125-SPM/AK**

Page 4 of 11

Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam).  It is more than a scintilla, but less than a preponderance.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted).  The court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  Wolfe v. Chater, 86 F.3d 1072, 1076 (11th Cir. 1996).  It must determine only if substantial evidence supports the findings of the Commissioner.  See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987) (per curiam).  Even if substantial evidence exists which is contrary to the Commissioner's findings, where there is substantially supportive evidence of the Commissioner's findings, the court cannot overturn them.  Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991).  Unlike the deferential review accorded to the Commissioner's findings of fact, his conclusions of law are not presumed valid.  Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted).  The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an adequate basis for it to determine whether proper legal principles have been observed requires reversal.  Id. (citations omitted).

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  To qualify as a disability the physical or mental impairment must be so severe that claimant is not only unable to do his previous work, "but cannot, considering his age, education,

**No. 1:02CV125-SPM/AK**

and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ."  42 U.S.C. § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps:

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have any severe impairment?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4. Does the individual have any impairments which prevent past relevant work?

5. Do the individual's impairments prevent any other work?

A finding of disability or no disability at any step renders further evaluation unnecessary.  Plaintiff bears the burden of establishing a severe impairment that keeps him from performing his past work.  If Plaintiff establishes that his impairment keeps him from his past work, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given Plaintiff's impairments, Plaintiff can perform.  Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986); MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986).  If the Commissioner carries this burden, Plaintiff must prove that he cannot perform the work suggested by the Commissioner.  Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987).  It is within the district court's discretion to affirm, modify, or reverse a Commissioner's final

**No. 1:02CV125-SPM/AK**

decision with or without remand. 42 U.S.C. § 405(g); <u>Myers v. Sullivan</u>, 916 F.2d 659, 676 (11th Cir. 1990).

### E.    SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY

Plaintiff's medical record shows no regular treatment from any source.  Although she describes a severe accident (being pinned between two 18 wheelers) fracturing multiple bones in her body and causing some type of brain injury (R. 127), none of these records are in the file and the details of this accident are not clear.

Plaintiff has visited the emergency room a number of times for various medical issues.  On February 2, 2000, she presented to the ER with a fever, cough, and achiness.  (R. 190-194).  She was treated and released.  Plaintiff presented to the ER on April 2, 2000, for severe abdominal pain related to menses.  (R. 183-189).  She was treated and released.  On July 24, 2000, Plaintiff presented to the ER following a fall, and she was treated and released.  (R. 176-182).  Plaintiff presented to the ER on July 26, 2000, following a fall, but x-rays showed nothing abnormal.  (R. 170-175).  On August 15, 2000, Plaintiff presented to the ER with a migraine and was given medication.  (R. 165-169).  Plaintiff presented to the ER on August 31, 2000, following a fall, but left before x-rays were completed.  (R.160-164).

Plaintiff presented to the ER on July 8, 2001, after straining her shoulder moving furniture.  (R. 215-219).  She was treated and released.

Plaintiff presented to the ER on March 10, 2002, with lower abdominal pain, and was treated and released.  (R. 220-221).

**No. 1:02CV125-SPM/AK**

Two consultative examinations were obtained. A physical evaluation by Dr. Robert Greenberg resulted in a finding of shortness of breath secondary to smoking and "probable generalized osteoarthritis from previous injuries" (the accident where she was pinned between two trucks), which he felt would preclude her from heavy lifting or bending. (R. 132-33). He did a number of respiratory studies with no significant findings. (R. 136-151).

A mental evaluation was conducted by consultative examiner Dr. Nazario, who found her symptoms, presentation and records to be consistent with "Adjustment Disorder with Anxiety and Depressed Mood, Chronic." (R. 195-198).

Two Residual Functional Capacity Assessments were conducted. Both assessments found Plaintiff capable of a light work level with some environmental limitations (no exposure to fumes, odors, dusts, gases) because of a history of asthma. (R. 152-159, 199-206).

A Psychiatric Review Technique Form was completed by Dr. Peterson on January 16, 2001, and he found her mental impairments to be not severe and to only mildly restrict her daily activities. (R. 207-214).

Plaintiff's earnings records shows that she has worked infrequently and has not earned over $1000.00 a year in her work history. (R. 92).

Plaintiff describes severe pain even causing her to wish for death. (R. 115).

**No. 1:02CV125-SPM/AK**

## F.     SUMMARY OF THE ADMINISTRATIVE HEARING

A hearing was held on September 11, 2002, at which Plaintiff appeared with counsel. (R. 37). Plaintiff was 39 years old at the time of the hearing, completed high school, and lives with her husband. (R. 40). She states that she is unable to work because of arthritis in her hips, lower back, knees, ankles, elbows, wrists, collarbone, and migraine headaches. (R. 41). She receives medical attention at the emergency room and has sought treatment twice in the last year. (R. 41). She claims that she has pain every day, can stand only ten minutes at a time, can walk one block, and has to lay down twice a day because she is tired. (R. 45). She describes her depression as thinking about the past, losing her children, and money problems. (R. 45). She performs household chores such as washing the clothes, the dishes, sweeping, cooking, and feeding a cat and two dogs. (R. 48). She watches t.v. or sits on the porch and pets her animals in between chores. (R. 49). She used to smoke crack cocaine, which helped the pain, but she quit it three weeks before her last hearing and has not smoked since. (R. 49). Her hip problem is congenital, her mother had it, and it causes her hips to slip out of socket. (R. 51). She has never had counseling for her depression, although she underwent some type of counseling with her children. (R. 52). The only medications she takes are Aleve, Tylenol and Benadryl for her sinuses. (R. 52). A vocational expert testified that there were millions of light and sedentary jobs that Plaintiff could perform. (Doc. 53). The expert also testified that she would not be able to perform any job if she required to lie down twice a day at work because she was tired

**No. 1:02CV125-SPM/AK**

or stressed out, and no job would tolerate her calling in once a month with a migraine. (R. 55).

## G.  DISCUSSION

At step five the Commissioner may in certain cases rely upon the Medical-Vocational Guidelines (the grids) to carry his burden of proving that there are jobs which claimant can do despite his inability to perform his past relevant work.  The Eleventh Circuit has "recognized that the grids may be used in lieu of vocational testimony on specific jobs if none of claimant's nonexertional impairments are so severe as to prevent a full range of employment at the designated level."  Wolfe v. Chater, 86 F.3d at 1078, quoting Passopulos v. Sullivan, 976 F.2d 642, 648 (11th Cir. 1992).  See also Foote v. Chater, 67 F.3d 1553, 1558 (11th Cir. 1995).  "It is only when the claimant can clearly do unlimited types of [ ] work . . . that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy."  Allen v. Sullivan, 880 F.2d 1200, 1202 (11th Cir. 1989) (citation omitted).

Plaintiff asserts that her mental impairment of adjustment disorder and depression are severe nonexertional limitations, yet there is no evidence whatsoever in the file to support this finding.  She sought no ongoing mental health treatment, there are no mental health problems noted in her many visits to the emergency room, the psychiatric consultative examination by Dr. Nazario did not note any work related limitations, and the psychiatric review form completed by another physician, Dr. Peterson, did not find any such limitations either.  It is Plaintiff's burden to establish the

**No. 1:02CV125-SPM/AK**

severity of an impairment, and this Court is limited upon judicial review to determining whether substantial evidence supported the ALJ's decision. There is nothing in the record to support a finding contrary to the ALJ's decision that Plaintiff's mental condition is not severe.

Plaintiff also asserts that her pain should be considered a nonexertional impairment, thereby precluding the use of the grids. Pain will be considered a nonexertional impairment only if it significantly limits basic work activities. See Foote v. Chater, 67 F.3d at 1559. In the instant case, Plaintiff asserts severe pain even to the point of wishing death, yet takes nothing but over the counter pain medication. In her many visits to the emergency room none of the doctors treating her prescribed long term pain medication or documented a condition that would cause such severe and unrelenting pain or referred her for follow up treatment. It is likely that Plaintiff would have related to the treating sources during at least one of these emergency room visits a problem of severe and ongoing pain, if that were the case. It is also telling that Plaintiff has never worked consistently in her lifetime a factor which the ALJ properly figured into his credibility assessment that pain was not a factor in preventing her from working.

Accordingly, it is respectfully **RECOMMENDED**:

That the decision of the Commissioner denying benefits be **AFFIRMED**.

**No. 1:02CV125-SPM/AK**

At Gainesville, Florida, this **26th** day of October, 2005.

        **s/ A. KORNBLUM**
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:02CV125-SPM/AK**